# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2930 | **DATE** | 6/19/2001 |
| **CASE TITLE** | Lovie Fisher-Townsell, et al vs. Christopher Syregelas, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As indicated earlier, the entire Answer will be stricken because of the defects identified here. Even though not all of its paragraphs are problematic, it makes better sense to have a single self-contained responsive pleading that a patchwork response. Leave is granted to file a self-contained Amended Answer in this Court's chambers on or before June 28, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | JUN 20 2001 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUN 20 AM 7:34 | 10 |
| SN | courtroom deputy's initials | | 6/19/2001 date mailed notice |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOVIE FISHER-TOWNSELL, et al.,  )
                                )
          Plaintiffs,           )
                                )
     v.                         )   No. 01 C 2930
                                )
CHRISTOPHER SYREGELAS, et al.,  )
                                )
          Defendants.           )

MEMORANDUM OPINION AND ORDER

Attorney Nicholas Syregelas has filed an Answer on behalf of persons whom he labels as "Defendant Trust Beneficiaries" and who are some of the targets of this action's housing discrimination Complaint based on alleged anti-African-American conduct in the nonrental of an apartment at 12 East Division Street, Chicago. Because that responsive pleading is flawed in a number of respects, this Court sua sponte strikes the Answer, albeit with leave granted to file a proper Amended Answer promptly.

To begin with, attorney Syregelas cannot properly shield the identity of his clients (who are the beneficiaries of the land trust that holds title to the real estate in question), as he has sought to do in the Answer. Land trusts have long been a useful instrumentality for conveyancing and related purposes, but the anonymity of their beneficiaries (the real-world owners of the real estate) is stripped away when (as here) law-violative conduct is charged. Accordingly the Amended Complaint must name the beneficiaries, information that would in any event have to be



the subject of disclosure under Fed. R. Civ. P. ("Rule") 26(a).

Next, attorney Syregelas' usage of the meaningless concept of "strict proof" (Answer ¶¶3, 4, 7, 8 and 10-23) adds nothing to the litigation (see Appendix ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Additionally, the Answer's repeated invocation in those paragraphs of the disclaimer permitted by the second sentence of Rule 8(b) does <u>not</u> entitle the disclaiming party to deny the other side's allegations in those respects. Rule 8(b) treats such a disclaimer as the legal equivalent of a denial, but by definition anyone who lacks the necessary knowledge or information sufficient to form a belief as to any allegations has no basis for an outright denial.

Relatedly, given the asserted disclaimers that have been advanced in the Answer's paragraphs referred to above, there is no way in which the trust beneficiaries can then <u>deny</u> the allegations of Complaint ¶¶26, 27, 29, 31, 33, 35, 36 and 41-44 in the objective good faith that is demanded by Rule 11. That is so both because of the litigants' claimed absence of sufficient knowledge or information regarding the Complaint's substantive allegations and because of the Complaint's further allegation that defendant "John Doe No. 1" is the agent of the beneficiaries.

Finally, Affirmative Defenses ("ADs") 1 and 2 are stricken

in light of the Complaint's agency allegation referred to earlier (see Complaint ¶26), an allegation that under Rule 8(c) must be accepted as true for such purposes--see Appendix ¶5 to <u>State Farm</u>. For the same reason, AD 5 is also stricken as inconsistent with Complaint ¶24.

As indicated earlier, the entire Answer will be stricken because of the defects identified here. Even though not all of its paragraphs are problematic, it makes better sense to have a single self-contained responsive pleading than a patchwork response. Leave is granted to file a self-contained Amended Answer in this Court's chambers on or before June 28, 2001.

                                                   /s/ Milton I. Shadur
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: June 18, 2001